UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MASSAPEQUA MANOR, INC., JOHN DEJOHN,
and RICHARD BIVONA,

        Plaintiffs,

    -against-

CIENA CAPITAL LLC, BUSINESS LOAN EXPRESS,
LLC, BLX CAPITAL, LLC, CIENA CAPITAL FUNDING
(NEW YORK) LLC, CIENA CAPITAL FUNDING, LLC,
ALLEGIANT PARTNERS LLC, PAUL BIBBO, NADINE
LUGO, JAY L. YACKOW, ESQ., JAX VENTURES, LLC,
STEVEN COHN, ESQ., ROY LESTER, ESQ., ARENT
FOX, FORCHELLI CURTO DEEGAN, SCHWARTZ,
MINEO & TERRAN, LLP, PROCTOR WONG, STEVEN
PRINCE, LU DIDA PR INC., HOWARD GETZ, DR. ALAN
GREENFIELD, SAMUEL MELNICK, ROSEMARY
CRUZ, CARLOS RIVERA GONZALES, ROSEANN
CAPANEGRO, BENJAMIN KWOK, STEVEN DAVIS,
LOUIS MOYET YVONNE FRANCES, QUEENS COUNTY
DISTRICT ATTORNEY, OFFICE OF THE QUEENS COUNTY
DISTRICT ATTORNEY, KATHLEEN RICE, NASSAU
COUNTY DISTRICT ATTORNEY, CHARLES ROBUNDO,
RICHARD SMYTHE, OLGA NOVOSAD, MICHAEL RYAN,
MICHAEL J. SPOSATO, THE NASSAU COUNTY SHERIFF,
THE OFFICE OF THE NASSAU COUNTY SHERIFF,
EDWARD MANGANO, THE NASSAU COUNTY EXECUTIVE,
THE COUNTY OF NASSAU, ELIZABETH LOCONSOLO, ESQ.,
INDIVIDUALLY AND IN HER OFFICE CAPACITY AS
COUNSEL TO THE NASSAU COUNTY SHERIFF AND THE
NASSAU COUNTY EXECUTIVE, "X" LINN, INDIVIDUALLY
AND AS DEPUTY SHERIFF OF THE COUNTY OF NASSAU,
"X" LINN, INDIVIDUALLY AND AS DEPUTY SHERIFF OF
THE COUNTY OF NASSAU, "X" MASTROFIERI,
INDIVIDUALLY AND AS DEPUTY SHERIFF OF THE
COUNTY OF NASSAU, "X" SCHULZ, INDIVIDUALLY AND
AS DEPUTY SHERIFF OF THE COUNTY OF NASSAU,
THE NASSAU COUNTY POLICE DEPARTMENT, MARVIN
LEVINE, THE NEW YORK STATE LIQUOR AUTHORITY,
THE NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, STEPHEN BUCARIA, JSC., IRA
WARSHAWSKY, ANTONIO BRANDVEEN, JSC., LEONARD

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  SEP 29 2015  ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 13-3733

(Wexler, J.)

B. AUSTIN, JOSEPH SALDINO, LONG ISLAND CATERERS
ASSOCIATION, BUTCH YAMALLI, CSH VENTURES, LLC,
201 JR CORP., "X", "Y", "Z" Corporations, whose names and
addresses are presently unknown and "JANE DOE" as co-conspirators,
whose names and addresses are presently unknown, and
201 JERUSALEM AVE MASSAPEQUA LLC.,

    Defendants..
-----------------------------------------------------------X

APPEARANCES:

  GENEVIEVE LANE LOPRESTI, ESQ.
  3 Lake Shore Boulevard
  Massapequa, NY 11758
  Attorneys for Plaintiffs

  MICHAEL MANOUSSOS, PLLC
  By: Michael Manoussos, Esq.
  80-02 Kew Gardens Road, Suite 901
  Kew Gardens, NY 11415
  Attorneys for Defendants Paul Bibbo,
  Nadine Lugo and CSH Ventures, LLC

  NASSAU COUNTY ATTORNEY CARNELL T. FOSKEY
  By: Andrew R. Scott, Esq., Deputy County Attorney
  1 West Street
  Mineola, NY 11501
  Attorneys for Nassau County Defendants

  ALAN M. DAVIS, ESQ.
  121-B West Oak Street
  Amityville, NY 11701
  Attorneys for Defendants Jay L. Yackow, Esq., Jax Ventures LLC, Proctor Wong, Steven
  Prince, Lu Dida Pr Inc., Howard Getz, Dr. Alan Greenfield, Samuel Melnick, Rosemary
  Cruz, Carlos Rivera Gonzales, Roseann Capanegro, Benjamin Kwok, Steven Davis,
  Louis Moyet Yvonne Frances, and 201 JR Corp.

WEXLER, District Judge:

  Plaintiffs Massapequa Manor, Inc., ("Massapequa Manor"), John DeJohn ("DeJohn"),

and Richard Bivona ("Bivona") (collectively, "Plaintiffs") bring this action against the numerous

defendants listed in the above caption. Plaintiffs bring claims for conspiracy to breach contract, conversion of assets, trespass to chattels, fraud, breach of contract, scheme to defraud and steal (RICO claim), violation of civil rights under 42 U.S.C. § 1983, mortgage fraud-criminal enterprise, wrongful dispossession/writ of assistance, conspiracy to violate Plaintiff's rights under 42 U.S.C. § 1985, and for an injunction. After various defendants were dismissed from the case, the remaining defendants moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro."), claiming there is no basis for federal jurisdiction and that Plaintiffs fail to state a claim.

Prior to this case, Plaintiff DeJohn filed an action against all of these same defendants before this Court and related to this one, entitled <u>201 Jerusalem Avenue Massapequa LLC, et al. v. Ciena Capital LLC, et al.</u>, 13-CV-3568 ("3568 Action"). The amended complaint in the 3568 Action is identical in all material respects to the amended complaint ("AC" or "Complaint") here. The gravamen of Plaintiffs' case here is the same as in that case: "[t]he well-organized plan of the party defendants was to squeeze the plaintiffs out of business such that another business would purchase the property, to the detriment of the plaintiffs, is illustrative of the campaign of harassment the plaintiffs have endured over the past years in this court system. They have entered into contracts, sold equipment, all to their detriment, to be double-crossed by their own attorneys and municipal officials." AC, ¶ 22.

The facts alleged in this Complaint are identical to the facts alleged in the complaint in the 3568 Action. <u>Compare</u> AC, ¶¶ 58-187,[1] <u>with</u> complaint in the 3568 Action, ¶¶ 55-186. The

---

[1] In many of those paragraphs to the extent a Plaintiff is identified, it is misidentified as "201," the plaintiff in the 3568 Action. <u>See</u> <u>e.g.</u>, AC, ¶ 97.

claims asserted here are exactly the same as those asserted in the 3568 Action.² Compare AC, ¶¶ 197-408, with complaint in the 3568 Action, ¶¶ 188-403. Defendants here move to dismiss on the same grounds.

Having reviewed the parties' submissions, and for the reasons stated in this Court's Memorandum and Order of September 28, 2015 in <u>201 Jerusalem Avenue Massapequa LLC, et al. v. Ciena Capital LLC, et al.</u>, 13-CV-3568, defendants' motion to dismiss is granted, since Plaintiffs fail to state a claim under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 18 U.S.C. § 1962. The Court declines to exercise supplemental jurisdiction over the remaining state claims, and this case is dismissed. For the reasons stated in the other case, the Court grants the request of 201 JR Defendants for costs of this motion, and directs all moving defendants are directed to submit a proposed order detailing costs incurred in connection with the motions. The Clerk of the Court is directed to terminate the motions at ECF entries 115, 116 and 117, and close this matter.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September  , 2015

---

²This is so even though an early paragraph of the complaint states that different claims are asserted. See AC, ¶ 10.